IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE DUDLEY McCLOUD, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-046-GPM |
| ) | |
| UNITED STATES OF AMERICA, ) | CRIMINAL NO. 04-30071-01-GPM |
| ) | |
| Respondent/Plaintiff. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Pursuant to a plea agreement, Petitioner entered a plea of guilty to one count of distribution and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and one count of engaging in a monetary transaction in criminally derived property valued at greater than $10,000, in violation of 18 U.S.C. § 1957. On March 2, 2005, Petitioner, in an amended judgment, was sentenced to 130 months imprisonment (130 months on Count 1 and 120 months on Count 2, to run concurrently), eight years supervised release, a fine of $1,000, a special assessment of $200, and Petitioner was required to forfeit property specified in the plea agreement. No appeal was filed, and Petitioner filed this Section 2255 motion on January 19, 2006.

Petitioner entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Petitioner waived his right to a direct appeal and

to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial. The Defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and his defense.
>
> The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.
>
> Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent changes in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the Defendant actually innocent of the charges covered herein, and 2) appeals based upon the Sentencing Guidelines amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

Plea agreement at ¶ II-11 (Doc. 129, criminal case).

The Seventh Circuit Court of Appeals has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997); *accord United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995); *see also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir. 1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Court of Appeals has found that a waiver of Section 2255 relief in a plea

agreement is enforceable and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Court of Appeals has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190. In this case, Petitioner states four grounds for relief: (1) the indictment did not comply with the Fifth Amendment's indictment clause; (2) the Government did not have proper search warrants; (3) the indictment did not include the *mens rea* for 21 U.S.C. § 846; and (4) he received ineffective assistance of counsel. None of these grounds falls under either of the two exceptions to the enforcement of waiver provisions listed above. Consequently, there is no basis in the record for avoiding this waiver.

Because the waiver provisions of the plea agreement are enforceable, Petitioner has waived any right to bring this Section 2255. Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED: 05/01/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge