**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JESSE DUDLEY McCLOUD, | ) |
| | ) |
| Petitioner/Defendant, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-46-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. 04-30071-01-GPM |
| | ) |
| Respondent/Plaintiff. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This action comes before the Court on Petitioner's motion to reconsider the Court's order dismissing his motion to vacate, set aside, or correct sentence (Doc. 6).

On May 1, 2006, the Court dismissed this action and entered judgment in favor of the Respondent. On the same day, the Court received a motion for leave to supplement the original section 2255 petition (Doc. 5), which was docketed the next day, May 2, 2006. Petitioner now moves to reconsider the Court's judgment, arguing that he had a right to amend his petition once without leave of court, pursuant to Federal Rule of Civil Procedure 15(a), and that the issues brought in the supplement should have been reviewed by the Court.

Giving Petitioner the benefit of the doubt, and due to the fact that the Clerk received his supplemental petition on the same day the Court entered judgment in the case, the Court will perform a preliminary review of his additional grounds for relief. Accordingly, Petitioner's motion for leave to supplement the section 2255 motion (Doc. 5) is **GRANTED**.

The Court dismissed the petition in the first instance because Petitioner entered into an

enforceable plea agreement with the Government in which Petitioner waived his right to collaterally attack his sentence under Section 2255. The plea agreement provides specifically:

> The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial. The Defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and his defense.
>
> The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.
>
> Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent changes in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the Defendant actually innocent of the charges covered herein, and 2) appeals based upon the Sentencing Guidelines amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

Plea agreement at ¶ II-11 (Doc. 129, criminal case).

Petitioner states two additional grounds for relief in the supplement to the petition. First, Petitioner argues that his Fifth and Sixth Amendment rights were violated when the Court, after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), sentenced him under the Sentencing Guidelines. Second, Petitioner argues that counsel was ineffective for failing to raise this issue at sentencing. Neither of these two additional grounds for relief falls under either of the two exceptions to the enforcement of waiver provisions discussed in the Court's May 1st Order. Consequently, the two new grounds also are barred by the enforceable waiver.

Because the waiver provisions of the plea agreement are enforceable, Petitioner has waived any right to bring the additional grounds in this section 2255 motion. Accordingly, Petitioner's motion to reconsider (Doc. 6) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 05/30/06

s/ G. Patrick Murphy<br>
G. PATRICK MURPHY<br>
Chief United States District Judge