**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JESSE DUDLEY McCLOUD,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-046-GPM |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's motion to refund the appellate filing fee (Doc. 25). In this motion, Petitioner seeks "recoupment" of the $455 appellate filing fee which Petitioner contends was inadvertently paid by his sister for the appeal in this case, when he intended it to be applied to another case.

Notably, the "other case" is not identified by Petitioner in his motion. A review of this Court's records indicates only 3 civil actions filed by Petitioner in this Court. In addition to this case, Petitioner has filed two other motions under 28 U.S.C. § 2255 which were assigned civil case numbers: *McCloud v. United States*, Civil No. 97-4027-JPG (S.D. Ill.), and *McCloud v. United States*, Civil No. 98-4265-JPG (S.D. Ill). Those other two civil cases were no longer active when Petitioner's sister submitted the filing fee to the Clerk of Court. So it is not surprising that the filing fee was applied to this case.

It is possible that Petitioner that meant "another case" pending in another court, but the Court need not decide the issue. No fee is required to file a § 2255 action in this Court because a § 2255

action is a *motion* in the criminal case, not a brand new case (even though a civil case number is assigned to the action). A filing fee, however, is required when an appeal is taken from the denial of the motion unless the petitioner has been granted leave to proceed *in forma pauperis* on appeal. In this case, Petitioner was denied leave to proceed *in forma pauperis* by this Court and by the Seventh Circuit Court of Appeals.

"[T]he filing of a complaint (or appeal) is the act that creates the obligation to pay fees," and filing fees must be paid even when a case is later dismissed. *Hains v. Washington,* 131 F.3d 1248, 1250 (7th Cir. 1997). Consequently, it appears that Petitioner owes the appellate filing fee even though he was denied a certificate of appealability.

In short, Petitioner owed $455 in filing fees for his unsuccessful appeal and $455 was paid to this Court and applied to that debt. That Petitioner did not intend for his sister to pay this debt is a matter for Petitioner and his sister, but it is not a matter for this Court. Accordingly, Petitioner's motion to refund the appellate filing fee (Doc. 25) is **DENIED.**

**IT IS SO ORDERED**.

DATED: 02/26/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge